IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Matthew Herencia,** )<br>    **Petitioner,** )<br> )<br>v. )<br> )<br>**Warden Eric Wilson,** )<br>    **Respondent.** ) | 1:17cv109 (LO/IDD) |

MEMORANDUM OPINION AND ORDER

Matthew Herencia, an inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at Federal Correctional Institute – Petersburg; however, he is incarcerated under orders of the District of Columbia Superior Court. Dkt. No. 1. Petitioner is challenging the computation of his sentence by the Federal Bureau of Prisons ("BOP"). Id. Respondent filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, as well as a memorandum of law with supporting exhibits, and the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. Dkt. Nos. 6-11. Petitioner filed a Memorandum of Law in Support of Petitioner's Motion to Grant Relief Requested in Writ of Habeas Corpus, which will liberally be construed as petitioner's opposition to respondent's motion. Dkt. No. 12. Respondent filed a reply. Dkt. No. 16. This matter is now ripe for adjudication. For the reasons stated below, respondent's Motion to Dismiss for failure to state a claim will be granted and the petition will be dismissed, with prejudice.

I.

On January 13, 1998, a Virginia state court sentenced petitioner to ten years imprisonment, three of which were to be served "concurrently … with any impending sentence

that [petitioner] may face in the District of Columbia." Dkt. No. 1 at Attachment 1. On June 29, 1998, the District of Columbia Superior Court sentenced petitioner to 15 to 45 years imprisonment, consecutive to any other sentence. Dkt. No. 1. On June 20, 2013, VDOC issued a Release Authorization, stating that petitioner was being released to a U.S. Marshal detainer; however, the U.S. Marshal Service did not pick petitioner up from VDOC custody. Id. at Attachment 3. Accordingly, on November 2, 2005, VDOC issued another release authorization, releasing petitioner to his U.S. Marshal judgment and commitment. Id. at Attachment 4. BOP began computing his sentence from November 2, 2005. Dkt. No. 12 at Attachment 2. Petitioner raises four grounds for issuance of the writ, all of which essentially make the same argument. Specifically, petitioner argues that BOP should give him credit for the time he spent in VDOC custody during which he was supposed to be serving his Virginia state sentence and District of Columbia Superior Court sentence concurrently, pursuant to the Virginia state court sentencing order. Dkt. No. 1.

In 2014, while petitioner was incarcerated at USP Allenwood, he filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. Herencia v. Zickenfoose, Case No. 3:14-cv-528-RPC/GS. In that petition, petitioner also argued that BOP was not giving him credit for part of the time he served in VDOC custody. Id. The petition was dismissed because "it is clear that the judgment and commitment order of the Superior Court of the District of Columbia specified that [petitioner's] aggregate sentence ... was to run consecutively to any other sentences he was presently serving," "[t]here is abundant authority indicating that federal courts are authorized to impose consecutive sentences to existing state sentences," and "federal sentencing court[s], such as the District of Columbia Superior Court, [are] not bound by a state plea bargain unless the federal government implicated itself directly or

2

indirectly in the state plea bargain process." Id. Because petitioner did not argue that "the federal prosecutor or the District of Columbia Superior Court agreed with the provision of the [Virginia] state court sentence which provided that 3 years of the ten year sentence were to be served concurrently with the federal sentence," the court held that "[t]he Virginia state court had no authority to bind the hands of the District of Columbia Superior Court to impose a fully consecutive sentence." Id.

## II.

Section 2244(a) of Title 28 of the United States Code states that

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244.

> Although § 2244(a) does not specifically reference proceedings under § 2241, courts have consistently held that the statute bars claims in second or successive § 2241 petitions that were addressed on the merits in previous habeas corpus proceedings. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir.2008) (noting that § 2244(a), by its terms, applies to any habeas corpus application filed by a person in custody pursuant to a judgment of a United States court); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate claims that had been asserted and denied in a prior petition); Valona v. United States, 138 F.3d 693, 695 (7th Cir.1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence"); Mason v. Ozmint, 361 Fed.Appx. 503 (4th Cir.2010) (unpublished) (concluding that regardless of whether Mason's petition should have been treated as a § 2241 or 2254 petition, "the claim he sought to raise was successive, and [was] thus precluded by 28 U.S.C. § 2244(a)").

Coder v. O'Brien, 719 F. Supp. 2d 655, 659 (W.D. Va.), aff'd, 405 F. App'x 778 (4th Cir. 2010).

> [In McCleskey v. Zant, 499 U.S. 467 (1991) t]he Court ... made clear that "a petitioner can abuse the writ by raising a claim in a subsequent petition that he

3

could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice [or from inexcusable neglect]."

Id. at 660 (quoting McCleskey, 499 U.S. at 489) (second alteration in original).

### III.

Because petitioner's claims were dismissed on the merits by the Middle District of Pennsylvania, to the extent petitioner is raising the same claims in this successive § 2241 petition, his claims are barred from review pursuant to § 2244(a). To the extent petitioner is raising claims that could have been raised in his prior § 2241 petition, these claims are barred by "the common law doctrine of abuse of the writ." Coder, 719 F. Supp. 2d at 659. As such, the petition will be dismissed. Therefore, respondent's Motion to Dismiss for Failure to State a Claim (Dkt. Nos. 6, 10) is GRANTED, respondent's Motion to Dismiss for Lack of Jurisdiction (Dkt. Nos. 7, 11) is DENIED, as moot, and petitioner's Motion to Establish Petitioner's D.C. Code § 23-110 Remedy was Inadequate or Ineffective (Dkt. No. 3) is DENIED, as moot.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

4

The Clerk is directed to enter final judgment in favor of respondent Eric Wilson pursuant to Fed. R. Civ. P. 58, to send a copy of this Memorandum Opinion and Order to petitioner and counsel of record for respondent, and to close this civil action.

Entered this 19th day of July 2017.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge